IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYCO SAUNDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1062 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| GFS ENTERTAINMENT GROUP, LLC, | ) | Chief Magistrate Judge Cynthia Reed Eddy |
| *et al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER
## DISMISSING DEFENDANT HAROLD DOTSON

Plaintiff initiated this action by filing a Motion for Leave to Proceed *In Forma Pauperis* ("IFP") on July 20, 2016 (Doc. 1), which the Court granted on August 30, 2016 (Doc. 4). After granting IFP status, the Court must screen a plaintiff's claims and dismiss any claim on the Court's own action if Plaintiff fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will dismiss this action as to Defendant Harold Dotson ("Defendant Dotson") because Plaintiff's Amended Complaint (Doc. 39) fails to assert any claims for relief against Defendant Dotson.

Plaintiff lists Defendant Dotson as a party in this case. (Amended Complaint ¶ 10.) However, Plaintiff seeks no relief against Defendant Dotson, and Plaintiff does not allege any facts concerning Defendant Dotson's role in the events giving rise to Plaintiff's complaint. Specifically, the Amended Complaint contains two counts: Count 1 is a claim for breach of contract asserted against Defendants Darryl Robinson, James Smith, and GFS Entertainment Group, LLC; and Count 2 is a claim for tortious interference with contract asserted against those same Defendants. (See id. at ¶¶ 36-49.) The Amended Complaint's only mention of Defendant Dotson is as "registered agent. For GFS Entertainment Group LLC [sic]." (Id. at ¶ 10.)

1

As the Amended Complaint fails to assert a claim for relief against Defendant Dotson, or to assert any facts showing Defendant Dotson's role in the events giving rise to Plaintiff's claims, this action must be dismissed against Defendant Dotson.[1]  Further, as Plaintiff has had multiple opportunities to amend his complaint, (see Docs. 1, 3, 39), and as there is no indication in the record that any actions by Defendant Dotson relate to Plaintiff's claims for relief, the Court finds that leave to amend would be futile, see Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

Accordingly, the Court hereby DISMISSES this action as to Defendant Dotson, with prejudice.

IT IS SO ORDERED.

January 15, 2019                                     s/Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc via First-Class U.S. Mail:

RAYCO SAUNDERS
10214 Frankstown Rd
Pittsburgh, PA 15235

RAYCO SAUNDERS
P.O. Box 17649
Pittsburgh, PA 15235

---

[1] To the extent that Plaintiff intended to designate Defendant Dotson as the agent appointed to receive service of process on behalf of Defendant GFS Entertainment Group, LLC, see Fed. R. Civ. P. 4(h)(1)(B), the Court notes that this action has been dismissed against Defendant GFS Entertainment Group, LLC for Plaintiff's failure to effectuate service.  (Doc. 46.)  To the extent that Plaintiff intended to designate Defendant Dotson as a defendant in this case, in addition to the grounds above, the Court notes that there is no indication on the docket that Defendant Dotson has been served within the 90-day window from the filing of the Amended Complaint on October 11, 2018.  Accordingly, under Federal Rule of Civil Procedure 4(m), the Court would be required to dismiss this action as to Defendant Dotson after providing notice to Plaintiff.