# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYCO SAUNDERS, | ) | |
| Plaintiff, | ) | Civil Action No. 16-1062 |
| v. | ) | Judge Cathy Bissoon |
| GFS ENTERTAINMENT GROUP, LLC, *et al.*, | ) | Chief Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) | |

## MEMORANDUM ORDER

This case has been referred to Chief United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On July 8, 2019, the Magistrate Judge issued a Report and Recommendation (Doc. 56) (the "Report"). The Report recommended that Plaintiff Rayco Saunders's ("Plaintiff's") Motion for Default Judgment (Doc. 49) be granted and that default judgment be entered against Defendant Darryl Robinson ("Defendant Robinson") in the amount of $5,001.00.

For the reasons that follow, the Court will reject the Report, vacate its prior order dismissing GFS as a party to this suit (Doc. 46) and remand this matter to the Magistrate Judge for further proceedings consistent with this order.

## BACKGROUND

The Report recounted Plaintiff's testimony at his default judgment hearing, found that Plaintiff had shown that Defendant Robinson, the President of Defendant GFS Entertainment Group, LLC ("GFS"), committed the District of Columbia tort of intentional interference with

1

contractual or business relations as to Plaintiff's contract with GFS,[1] and found that Plaintiff failed to allege a valid contract between himself and Defendant Robinson such that Defendant Robinson could be liable for its breach. (Report at 2-4.)

As to the amount of damages, the Report found that Plaintiff's testimony and allegations established that he lost the $5,000 benefit he was promised under his bout contract with GFS, but that his alleged consequential damages and other loses were too speculative to award based on the record evidence and warranted only a nominal award of an additional $1. (Id. at 5.)

On July 25, 2019, Plaintiff filed timely objections to the Report. ("Objections," Doc. 57.)[2] Beyond contesting the amount of damages, Plaintiff's core objection concerns service of process on the Defendants who were dismissed from this suit for lack of service.[3] (Objections at ¶¶ 1-8.)

## **ANALYSIS**

The Court has conducted a *de novo* review of the pleadings and documents in this case, including Plaintiff's Objections, together with the Report.

---

[1] For the reasons below, the Court will depart from the Report before reaching the substance of this conclusion. However, the Court notes that District of Columbia law holds that agents of a company that is a party, such as company officers, generally cannot be liable for tortious interference with the company's contracts. See Sharma v. Washington Metro. Area Transit Auth., 57 F. Supp. 3d 36, 46 (D.D.C. 2014) (tortious interference claims arise when a third party interferes with a contract or relationship already established between other parties (citing Hunt v. District of Columbia, 66 A.3d 987, 993 (D.C. 2013) as an example)); Farouki v. Petra Int'l Banking Corp., 811 F. Supp. 2d 388, 404 (D.D.C. 2011), vacated in part on other grounds, 705 F.3d 515 (D.C. Cir. 2013); Curaflex Health Servs., Inc. v. Bruni, 899 F. Supp. 689, 696 (D.D.C. 1995).

[2] As Plaintiff is proceeding *pro se*, the Court construes all of Plaintiff's filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[3] Defendant Robinson was properly served on November 14, 2018. (Doc. 42.) Defendants GFS and James Smith were dismissed without prejudice for lack of service on January 15, 2019. (Doc. 46.)

While the Court agrees with the Report's conclusions regarding the amount of damages, the Court's review of the record concerning service of process leads the Court to conclude that its prior order dismissing GFS from this suit (Doc. 46) was in error, as GFS was properly served through its officer, Defendant Robinson. Specifically, the Receipt for U.S. Marshal's Service on Defendant Robinson (Doc. 42), together with the allegations in the Amended Complaint (Doc. 39 at ¶ 9), establish that Defendant Robinson is the President of GFS and that he was served in both his individual capacity and in his capacity as GFS President. The Court will correct this oversight pursuant to Federal Rule of Civil Procedure 60(a).

Plaintiff properly served GFS. Pursuant to Federal Rule of Civil Procedure 4(h)(1)(B), service of process may be made on a corporation or similar entity by delivering a copy of the summons and complaint to "an officer" of the organization. Id. The president of a corporation, as an officer, is an appropriate recipient for service of process on behalf of the corporation under Rule 4(h)(1)(B). E.g., Chan v. Soc'y Expeditions, Inc., 39 F.3d 1398, 1404 (9th Cir. 1994) (personal service on the president of a corporation is sufficient for service on the corporation); Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (following motion for default judgment against a corporation, the court found that personal service on the president was sufficient for service on the corporation). The Court thus finds that the Receipt for U.S. Marshal's Service on Defendant Robinson, taken together with the allegations in the Amended Complaint, are sufficient to demonstrate service on GFS.

Given the new posture of this case occasioned by this finding, the Court recognizes that additional proceedings and deadlines may be necessary to provide GFS with an appropriate opportunity to respond to the Amended Complaint. To the extent that GFS does not respond in

the time allotted by the Magistrate Judge, Plaintiff may file a motion for default and default judgment against GFS, in accordance with the Federal Rules of Civil Procedure. Should such a motion for default and default judgment against GFS be filed, the Magistrate Judge shall make a determination as to whether any additional evidence is required for the Court to decide the issue of damages as to GFS or whether the evidence gathered at the prior hearing is sufficient for the Court to make its damages determination.

Accordingly, the Court orders as follows:

The Report (Doc. 56) is REJECTED; the Court's January 15, 2019 Memorandum Order (Doc. 46) is VACATED to the extent it dismissed GFS from this lawsuit and MODIFIED to reflect that GFS was properly served; and GFS is REINSTATED as a party.

This matter is REMANDED to the Magistrate Judge for further proceedings consistent with this order.

IT IS SO ORDERED.

July 30, 2019

s/Cathy Bissoon
Cathy Bissoon
United States District Judge

cc via First-Class U.S. Mail:

RAYCO SAUNDERS
10214 Frankstown Rd
Pittsburgh, PA 15235

RAYCO SAUNDERS
P.O. Box 17649
Pittsburgh, PA 15235